## BOSTICK *v.* BRITTAIN.

REPLEVIN—*instructions to jury.* In a suit brought to replevy cotton, it is proper to instruct the jury that, "if they believe, from the evidence, that the plaintiff had an interest in the cotton, coupled with the right to take possession and control the same, at the time of the commencement of the action, they must find for the plaintiff, *although* they may believe from the evidence that other parties had an *ultimate interest* in an account for the proceeds."

In such a suit it is proper to instruct that, "to enable the plaintiff to sustain this action, it devolves upon him to prove that he was entitled to the possession of the cotton on the day specified in his declaration."

A PARTNER MAY MAINTAIN REPLEVIN. A member of a firm may maintain *replevin* for *his* interest as a partner in, and his right of possession as such partner to, the goods replevied.

EXCESSIVE DAMAGES. This court will *not* set aside a verdict for the defendant to this (a replevin) suit, on the ground of excessive damages, since the evidence as to the value of the goods replevied is conflicting.

*Appeal from Hempstead Circuit Court.*

Hon. JOHN T. BEARDEN, Circuit Judge.

GARLAND & NASH, for appellant.

This court will always award a new trial where the damages are excessive. *Walworth v. Pool,* 9 *Ark.,* 395 ; 19 *Ark.,* 234 ; and this rule is one generally recognized. 1 *Graham & Waterman, New Trials,* 442 ; 3 *ib.,* 1153.

A party having the *immediate* right of possession of personal property, can maintain replevin regardless of the right of property, or absolute ownership. *Gould's Dig.*, ch. 145, sec. 1; 17 *Ark.*, 450; 14 *ib.*, 603; 11 *Ark.*, 249; *ib.*, 475; *Hempstead C. C.*, 66; 7 *Johns.*, 140; 20 *ib.*, 465; 14 *ib.*, 84; 19 *Barb.*, 473, 481; 2 *Swan.*, 358; 4 *J. J. Marshall*, 255; 7 *ib.*, 11; 8 *Dana*, 270.

Instructions that are calculated to mislead the jury, or are erroneous as to any material point, are good cause for reversal. 15 *Ark.*, 491; 16 *ib.*, 308.

Judgments on the merits, in trials in replevin, against plaintiffs, should not be, in the first instance, for damages, but should be for return of property; or, in default thereof, for damages. *Gould's Dig.*, ch. 145, secs. 44, 45; 1 *Eng.*, (6 *Ark.*,) 506; 2 *ib.*, (7 *Ark.*,) 25.

GALLAGHER & NEWTON, for appellee.

Judgment of the court was in accordance with the statute. *Sec.* 45, ch. 145, *Gould's Digest*, 909.

One part owner of chattel can not bring replevin, and this objection is equally as available by plea in bar as by plea in abatement. *Cox v. Morrow*, 14 *Ark.*, 609; *Duval v. Mason*, 23 *Ark.*, 31; *Chitty's Pl.*, vol. 1, marg. p. 163.

To support replevin, the plaintiff must have had, at the time of the capture or detention, either the general property in the goods taken or a special property therein, and the plaintiff must also have had at the same time the right to the immediate possession of the property. Here no interest or property, general or special, or right of possession of the property mentioned, was ever in the plaintiff, as appears from the evidence. 1 *Chitty*, marg. p. 163 *and* 164, *and* p. 163, *a.*, *and authorities there cited.*

BOWEN, J.

At the November term, A. D. 1865, John S. Bostick brought an action of replevin against Benjamin L. Brittain,

in the Hempstead circuit court, for sixteen bales of cotton. The writ issued and was executed on the 7th of October, and the cotton (16 bales) delivered by the sheriff to the plaintiff.

At the May term of said court the defendant appeared, by attorney, and filed four pleas: 1. The general issue; 2. Property in himself; 3. Property in the estate of Phillips; 4. Property in Kent.

The evidence is very unsatisfactory, and is such that a court would not disturb the verdict of the jury in favor of either party, and certainly not at the instance of the appellant, against whom the weight of evidence seems to be. Therefore, without noticing the evidence in detail, we pass to the examination of the other points raised.

The plaintiff asked the court to instruct the jury as follows: " If the jury believe from the evidence that Bostick had an interest in the cotton, coupled with the right to take possession and control the same, at the time of the commencement of the action, they must find for the plaintiff, although they may believe from the evidence that other parties had an ultimate interest in an account for the proceeds." The defendant objected to the giving of this instruction, which objection was sustained by the court, to which ruling the plaintiff at the time excepted.

The court then, at the request of the defendant, gave the jury four instructions, as follows:

1. That, to enable the plaintiff to sustain this action, it devolves upon him to prove that he was entitled to the possession of the cotton as his own individual property, on the day specified in his said declaration, and that, if he fails to make such proof, they must find for the defendant.

2. That the plaintiff must recover on the strength of his own title, and not upon the weakness of that of the defendant; and that, if he fails to prove such superior title the defendant's possession is good, as against him, and they must find for the defendant.

3. That if the jury believe from the evidence that the cot-

ton in question was the property of Bostick, Pennywit & Co., and not the individual property of said plaintiff, they must find for the defendant.

4. That unless the jury believe from the evidence that the cotton seized in this suit, by virtue of the writ of replevin, is the identical cotton sold by Renfro to Black, and by him to Bostick, and not other cotton, they must find for the defendant, and that the burden of proof devolves upon the plaintiff to show that the cotton seized, under the writ of replevin herein, is the identical cotton alleged to have been sold by Renfro to Black and by Black to Bostick.

To the giving of the first and third of which instructions the plaintiff objected, and, the court overruling the objection, plaintiff at the time excepted.

The jury returned the following verdict:  "We, the jury, find the within cotton to be the property of said defendant, Benjamin L. Brittain; that the same has been replevied and delivered to the said plaintiff, and that the same has not been returned, and assess the defendant's damages therefor at eighteen hundred and forty dollars." Whereupon the court rendered judgment for the defendant for that amount with interest and costs,

The plaintiff, by consent of parties, waiving time, made a motion for a new trial, for the following causes:

1. Because he submits that the court erred in giving the jury the first and third instructions asked by defendant against the objections of the plaintiff.

2. Because the court erred in refusing to give the jury the instructions asked by plaintiff.

3. Because the assessment of the value of the property replevied, made by the jury, was excessive, and not warranted by the evidence; which motion was by the court overruled, to which ruling the plaintiff at the time excepted.

This case comes here on appeal. Had the first instruction for defendant omitted the words, " as his own individual property," it would have been correct. As it was given, it is not

the law, nor is the third instruction; for, if it be true that the firm of Bostick, Pennywit & Co. had the general property in the cotton, Bostick's interest and right of possession and control, as clearly shown by the evidence of May and Neal, was such as to entitle him to maintain replevin under our statute.

The court likewise erred in refusing the instructions asked by the plaintiff, which are the reverse of those given for the defendant.

The last cause assigned in the motion for new trial raises the question of excessiveness in the verdict.

John H. Morgan is the only witness who swears to the value of the identical cotton replevied. When introduced by the defendant, he testified that cotton was worth from 10 to 20 cents, but that this particular cotton was worth only 12½ cents per pound.

The other witnesses for defendant put the price of cotton generally at from 15 to 20 cents, as shown by the depositions of Baird, Taylor and Carruth.

Ferguson alone puts the price of cotton at 30 to 35 cents, but did not swear in regard to the particular lot in controversy. All the witnesses examined on that point say that there is a difference in favor of cotton which has never been rebaled; some say five and some ten cents per pound, and the weight per bale is fixed without question at 475 pounds. Ferguson put the difference between cotton which had and had not been rebaled at ten cents.

In view of all the evidence upon this point, together with the uncertainty as to whether this cotton ever had been rebaled or not, and in view of the uncertainty in relation to whether this was or was not the Black cotton, we think the court was right in not disturbing the verdict on the ground of its being excessive.

A party, however, is entitled to have the jury pass upon the facts, with a correct understanding of the law applicable to them, and when this is not done, and the jury might if correctly instructed as to the law have rendered a different ver-

dict, this court will award a new trial.    *Bizzell v. Brooker*, 16 *Ark.*, 309.

Therefore, in this case, the instructions objected to by plaintiff being clearly erroneous, and it being impossible from the record to determine what the finding would have been had the law been correctly expounded by the court, the judgment of the circuit court will be reversed, and the cause remanded for a new trial.